**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1210.]**

IN RE DISQUALIFICATION OF RUSSO.

COHEN, M.D., ET AL. *v.* BANKERS LIFE AND CASUALTY COMPANY ET AL.

**[Cite as *In re Disqualification of Russo*, 1997-Ohio-18.]**

*Judges—Affidavit of disqualification—Disqualification not required when judge was previously employed by two insurance companies, including one of the defendants in the underlying case—Judge need not check his or her experience at the courthouse door upon assuming the bench.*

(No. 97-AP-049—Decided April 21, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County

Court of Common Pleas case No. 294256.

————————————

**MOYER, C.J.**

{¶ 1} Affiant, Richard Gurbst, has filed an affidavit seeking the disqualification of Judge Nancy M. Russo from further proceedings in the underlying case. Affiant is counsel for the plaintiffs in a potential class action suit that involves the alleged failure of various insurance companies to make full payments to providers of outpatient mental health services to persons covered by Medicare.

{¶ 2} In support of his claim of bias and prejudice, affiant alleges that Judge Russo previously was employed by two insurance companies, including one of the defendants in the underlying case. Affiant asserts that Judge Russo has allowed this employment and her past experience in the insurance industry to influence her judgment in this case and references two recent adverse rulings on motions. In making these rulings, affiant contends that Judge Russo expressed opinions and reached conclusions that were not evidenced in the record and that demonstrate bias against his clients.

**{¶ 3}** Having reviewed the record, I cannot conclude that Judge Russo's disqualification is warranted because of the existence of a bias or prejudice against affiant's clients or to avoid the appearance of impropriety. Judge Russo's prior employment with one of the defendant insurance companies ended in 1994. There is no indication that this employment, or her prior employment with another insurance company, was related to the subject matter of the underlying case or exposed the judge to disputed evidentiary facts in the underlying proceeding, such that would mandate her disqualification under the Code of Judicial Conduct.

**{¶ 4}** While there is no doubt that Judge Russo's prior employment and education provides her with some degree of expertise in the substantive area of law at issue in the underlying case, her reliance on this expertise in considering matters before her does not mandate her disqualification. Judges are elected to office, at least in part, because of their personal and professional experiences. A judge's practice of law often allows the judge to develop a proficiency in one or more areas of the law. A judge is not required, either by the Code of Judicial Conduct or to avoid any reasonable question of his or her impartiality, to check his or her experience at the courthouse door upon assuming the bench. Rather, the public expects that a judge will use that experience appropriately in fulfilling his or her responsibilities in a manner consistent with the Code of Judicial Conduct and the judicial oath of office.

**{¶ 5}** For these reasons, the affidavit of disqualification is found to be not well taken and is denied. The case shall proceed before Judge Russo.

_____